UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL MCGEE,

    Plaintiff,

v.                                                               Case No. 11-C-429

CYNTHIA MARSH,

    Defendants.

**ORDER**

Plaintiff McGee, who is confined at the Sand Ridge Treatment Center under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. He alleges that the Defendant, a state psychologist, invented a diagnosis in order to convince a judge to continue his custody as a sexually violent person.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court

action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. He states that he has no assets. Accordingly, the motion to proceed IFP will be granted and the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

It is well established that the sole federal remedy for one who challenges the fact or duration of his confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). It is also well established that

2

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although both *Preiser* and *Heck* involved prisoners serving sentences for crimes, as opposed to persons involuntarily committed under procedures such as Wisconsin's Sexually Violent Offender law, the same policy considerations apply. It therefore follows that the principles of those cases also apply. A person who is confined in a mental institution as a result of a judgment or order of a state court is "in custody" for purposes of federal habeas corpus. *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994); 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 8.2(d), at 374 n.31, 381 (4th ed. 2001); *see Duncan v. Walker*, 533 U.S. 167, 176 (2001). Such a person thus must win a habeas case under 28 U.S.C. § 2254 before filing a § 1983 case that depends upon a finding that the custody is unconstitutional.

Under these principles, McGee cannot bring this § 1983 case. As he remains in custody, it is clear that his commitment has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus" as required by *Heck*, 512 U.S. at 486-87. A finding in his favor on the use of the allegedly improper diagnosis would require a determination that he is being held in custody in violation of his constitutional rights. In fact, Plaintiff should understand this principle because in 2008 he filed a habeas action making the same allegation. This court dismissed the petition and the Seventh Circuit affirmed. *McGee v. Bartow,* 593 F.3d 556 (7th Cir. 2010).

Accordingly, the complaint is **DISMISSED** under the rule of *Heck v. Humphrey*. The motion to proceed IFP is **GRANTED**, meaning the filing fee is waived.

**SO ORDERED** this   18th   day of July, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
